# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IGOR GRUSHKO,                           :    Civil No. 1:26-CV-01186
                                        :
      Plaintiff,                    :
                                        :
      v.                            :
                                        :
TODD WERTMAN, *et al.*,                 :
                                        :
      Defendants.                   :    Judge Jennifer P. Wilson

## <u>MEMORANDUM</u>

Before the court are a motion for appointment of counsel, a motion for a temporary restraining order and preliminary injunction, a motion for expedited consideration of the motion a temporary restraining order and preliminary injunction, and a motion to accept a late brief in support of the motion for a temporary restraining order and preliminary injunction all filed by Igor Grushko ("Plaintiff").  (Docs. 4, 5, 11, 21.)  The court will grant the motion to accept the late briefing and consider the documents currently on the record.  However, the court will deny the motions for appointment of counsel, for a temporary restraining order and preliminary injunction, and for expedited consideration of the pending motion for temporary restraining order and preliminary injunction.  However, the court will require the BOP to demonstrate that it has complied with the requirements of 18 U.S.C. § 3621(b) and produce the individualized assessment for prerelease custody.

1

**PROCEDURAL BACKGROUND AND PROCEDURE**

Plaintiff, a federal inmate currently housed at Federal Correctional Institution Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania, initiated this action by filing a complaint seeking a writ of mandamus. (Doc. 1.) Plaintiff is seeking a writ of mandamus directing his immediate transfer from FCI-Allenwood to prerelease custody under 18 U.S.C. § 3632. (*Id.*) With the complaint, Plaintiff filed a motion to appoint counsel and a motion for a temporary restraining order. (Docs. 4, 5.) These documents were received and docketed by the court on May 4, 2026. (Docs. 1, 4, 5.) On May 11, 2026, the court received and docketed a motion for expedited consideration of the pending motion for temporary restraining order and preliminary injunction seeking a hearing within fourteen days of his filing. (Doc. 11.) On May 22, 2026, the court received and docketed Plaintiff's supplement to his motion for a temporary restraining order and preliminary injunction clarifying his requested relief in the pending motion. (Doc. 17.)

On May 26, 2026, the court received and docketed Plaintiff's motion to accept late briefing in support of his motion for a temporary restraining order and preliminary injunction, the proposed brief in support of the motion for a temporary restraining order and preliminary injunction, and a brief in support of his motion for expedited consideration of the motion for a temporary restraining order and preliminary injunction. (Docs. 21, 22, 23.)

The court will grant the motion to accept the late filing of the brief in support of the motion for a temporary restraining order and preliminary injunction. (Doc. 21.)  The court will consider the pending motions for appointment of counsel and the motion for a temporary restraining order and preliminary injunction and deny each in turn.  (Docs. 4, 5.)  Because the court will deny the motion for a temporary restraining order and preliminary injunction, there will be no hearing on the matter.  Thus, the court will deny Plaintiff's motion for expedited consideration of the motion for a temporary restraining order and preliminary injunction as moot. (Doc. 11.)

## DISCUSSION

### A. Plaintiff's Motion for Appointment of Counsel Will Be Denied Without Prejudice.

Plaintiff seeks appointment of counsel arguing that the legal issues are complex, his ability to present the case is severely limited, factual investigation is necessary, he cannot retain counsel independently, and the interests of justice require appointment.  (Doc. 4.)

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019).  The appointment of counsel is a privilege, not a statutory or constitutional right.  *Brightwell v. Lehman*, 637 F.3d

187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

However, representation by counsel may be appropriate under certain

circumstances after a finding that the plaintiff's case has arguable merit in fact and

law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this

threshold inquiry, the court should consider the following factors in deciding

whether to request a lawyer to represent an indigent plaintiff:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the plaintiff's ability to retain counsel on his or her own behalf;
(5) the extent to which a case is likely to turn on credibility determinations, and;
(6) whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57. This list of factors is non-exhaustive, and no single

factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)

(citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these

factors serve as guideposts for the district courts to ensure that the precious

commodity of volunteer attorney time is not "wasted on frivolous cases." (*Id.*)

In this instance, Plaintiff has currently identified that the question of

jurisdiction under the First Step Act and the application of earned time credits to

prerelease custody is a heavily litigated issue with the majority of courts in this

district determining that the district court lacks jurisdiction to consider the question

under 28 U.S.C. § 2241.  (Doc. 1-1.)  Based on this jurisdictional restraint, Plaintiff

is proceeding under a complaint for a writ of mandamus rather than a petition for

habeas corpus.  (Docs. 1, 1-1.)  He is also challenging the decision-making power

of the Bureau of Prisons ("BOP") under the Administrative Procedures Act.  (*Id.*)

These are complex issues as Plaintiff asserts in his motion.  However, Plaintiff's

filings demonstrate a firm grasp of the concepts and legal authority.  This

combined with the early procedural status of this action and the limited availability

of pro bono counsel leads the court to deny this pending motion for appointment of

counsel without prejudice.  Plaintiff may renew this motion in the future or the

court sua sponte may appoint counsel if it deems it appropriate.

**B. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction Will Be Denied.**

Plaintiff seeks a motion for a temporary restraining order and preliminary

injunction setting an expedited hearing on the issue and directing the BOP to

transfer him to RRC.  (Doc. 5.)  In the supplement, Plaintiff also seeks to prevent

the BOP from enforcing "blanket policy categorically excluding noncitizens with

immigration detainers from prerelease custody," and from enforcing the 365-day

cap on the application of earned time credits under the First Step Act while this

action is pending or, in the alternative, direct the BOP to conduct a new, lawful,

and individualized assessment of Plaintiff's eligibility for prelease.  (Doc. 17.)

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. Motions for temporary restraining orders and preliminary injunctions are judged against exacting legal standards. Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F. 2d 440, 443 (3d Cir. 1982). Rather, it "is an 'extraordinary remedy.'" *Doe by & through Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). A motion for such is properly granted only if such relief is the "only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air. Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "It has been well stated that upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

"When evaluating a motion for preliminary injunctive relief, a court considers four factors: (1) has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) *reversed on other grounds by* 141 S. Ct. 1868 (U.S. 2021). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*,

895 F.3d 272, 286 (3d Cir. 2018).  "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."  *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

The limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute.  Specifically, preliminary injunctive relief in a civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm.  *See* 18 U.S.C. § 3626(a)(2).  Also, in considering a motion for preliminary injunctive relief, the court must give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system.  *Id.*

A court's discretion to issue preliminary injunctive relief is even further limited when a plaintiff seeks mandatory injunctive relief.  "[W]hen the preliminary injunction is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy."  *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980) (citing *United States v. Spectro Foods Corp.*, 544 F.2d 1175, 1181 (3d Cir. 1976)).  "[A] mandatory injunction is an 'extraordinary remedy to be employed only in the most unusual case.'"  *Trinity Indus. v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 139 (3d Cir. 2013)

(citing *Communist Party of Ind. v. Whitcomb*, 409 U.S. 1235, 1235 (1972)).  For a court to grant mandatory injunctive relief, "the moving party's 'right to relief must be indisputably clear.'"  *Id.*  (quoting *Communist Party of Indiana*, 409 U.S. at 1235).  Furthermore, "a request for some form of mandatory proactive injunctive relief in the prison context 'must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Easley v. Tritt*, No. 1:17-CV-00930, 2019 WL 1497054, at *3 (M.D. Pa. Mar. 11, 2019) (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

This court has addressed the issue of the application of time credits in excess of 365-days towards prerelease custody multiple times under the context of petitions for habeas corpus pursuant to 28 U.S.C. § 2241 and, in doing so, has acknowledged a current circuit split and determined that the court lacks the subject matter jurisdiction under the jurisdictional restraints of Section 2241 following the Third Circuit decision in *Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012).  *Miles v. Arviza*, No. 3:24-CV-2252, 2025 WL 981870, *2–3 (M.D. Pa. Apr. 1, 2025); *Chaffin v. Warden*, No. 4:24-CV-01909, 2025 WL 1042316 (M.D. Pa. Apr. 8, 2025); *McMillian v. Warden*, No. 4:24-CV01730, 2025 WL 1042313 (M.D. Pa. Apr. 8, 2025); *Torres-Benitez v. Warden*, *FPC-Schuylkill*, No. 3:25cv1357, 2025 WL 2550864 (M.D. Pa. Sep. 4, 2025); *Barry v. Greene*, No. 3:25cv960, 2025 WL

8

2983167 (M.D. Pa. Oct. 22, 2025); *Diarra v. Greene*, No. 3:25-CV-0964, 2025 WL 2997031 (M.D. Pa. Oct. 24, 2025); *Rafiq v. Green*, No. 1:25-CR-01409, 2025 WL 3110563 (M.D. Pa. Nov. 6, 2025); *Mier-Garces v. Greene*, No. 1:25-CV-02444, 2026 WL 27185 (M.D. Pa. Jan. 5, 2026).  Therefore, the preverbial cards are stacked against Plaintiff, and the court cannot find that he is capable of demonstrating a likelihood of success.  However, Plaintiff's complaint raises a new procedural means to make the same challenge.  The court has not dismissed the complaint under 28 U.S.C. § 1915A because of the circuit split on the question of the application of earned time credits in excess of 365-days to prerelease custody and will entertain Plaintiff's complaint under the procedural mechanism of a writ of mandamus.  However, the court is not willing to grant Plaintiff's motion for a temporary restraining order and preliminary injunction and order his immediate release because his right to relief is not indisputably clear.  Therefore, the court will deny the motion for a temporary restraining order and preliminary injunction at this time.  The denial is without prejudice.

The court notes that, based on Plaintiff's filings, it does not appear that the BOP has conducted the individualized assessment for prerelease custody as required under 18 U.S.C. § 3621(b) and *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 247 (3d Cir. 2005).  (Doc. 1-6.)  Considering this assessment is required notwithstanding the BOP's discretion set forth in 18 U.S.C. § 3621(b), the

court will order Defendants to produce evidence of this individualized assessment with their response to the complaint.  If such an assessment has not been completed, Defendants will notify the court.

## CONCLUSION

For the above-stated reasons, the court will grant Plaintiff's motion to accept a late brief in support of his motion for temporary restraining order.  The court will deny the motion for appointment of counsel without prejudice, deny the motion for a temporary restraining order and preliminary injunction without prejudice, and deny the motion for expedited consideration of the motion for a temporary restraining order and preliminary injunction as moot.  Defendants will file the individualized assessment for prerelease custody required under 18 U.S.C. § 3621(b) with their answer to the complaint or any motions under Fed. R. Civ. P. 12.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 8, 2026